<table>
<tr><td>

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

</td></tr>
</table>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5832-17T2
      A-5898-17T2
      A-1577-18T2

RUI-RU JI,

   Plaintiff-Respondent,

v.

HANSON SCHUEN LO,

   Defendant-Appellant.

_____

RUI-RU JI,

   Plaintiff-Appellant,

v.

HANSON SCHUEN LO,

   Defendant-Respondent.

_____

   Argued October 17, 2019 – Decided November 27, 2019

   Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0631-10.

Hanson Lo, appellant in A-5832-17 and A-1577-18 and respondent Hanson Lo in A-5898-17, argued the cause pro se.

Rui Ru Ji, respondent in A-5832-17 and A-1577-18 and appellant Rui Ru Ji in A-5898-17, argued the cause pro se.

PER CURIAM

Plaintiff Rui-Ru Ji and defendant Hanson Lo have two daughters, now eighteen and fifteen. The parties' 2013 divorce has generated bitter and prolonged post-judgment litigation. Notable among the issues previously addressed was plaintiff's unilateral move to Massachusetts with the children, made in the face of three Family Part orders prohibiting her from doing so. Also notable are financial disputes related to the children's college education costs. The parties have filed a total of fourteen appeals between them, and have done so while simultaneously pursuing their disputes in the trial court.[1] For the

---

[1] The unpublished opinions can be found at Ji v. Lo, No. A-5860-13 (App. Div. Sept. 30, 2015); Ji v. Lo, Nos. A-5206-14, A-0747-15 (App. Div. Dec. 1, 2017); Ji v. Lo, Nos. A-2376-16, A-4260-16, A-1800-17 (App. Div. June 27, 2019). Additionally, some appeals have been dismissed.

reasons that follow, we remand for a plenary hearing to be conducted as to the children's college funds and defendant's visitation. We otherwise affirm.

In the parties' May 3, 2013 judgment of divorce (JOD), they were ordered to jointly pay $38,000 into a college fund for their daughters. When plaintiff later purchased defendant's interest in the marital home, the amount he received was reduced by $19,000—his half of the college fund contribution. This amount, together with plaintiff's $19,000, was to be paid by plaintiff into two Vanguard 529 accounts established for the children's benefit during the marriage in defendant's name only.

Instead of paying the sum into the accounts, although not entirely clear from the record, it appears plaintiff deposited $19,000 each into two new accounts with Vanguard. The accounts were opened years after the order requiring her to contribute towards the children's funds. Plaintiff claimed she had no choice but to open the new accounts because Vanguard would not permit her to be added as a joint account holder with defendant to the existing 529 account. It is undisputed that Vanguard would have accepted the checks for deposit. Ultimately, in an unpublished opinion, we ordered that the Family Part judge "compel[] plaintiff to make the contribution of $38,000 to the parties'

3

daughters' 529 accounts as ordered by the JOD." Ji v. Lo, No. A-5860-13, slip op. at 5 (App. Div. Sept. 30, 2015). Plaintiff never did so.

The JOD also ordered plaintiff pay to defendant $76,386.88 as part of the divorce settlement, which was later reduced by the Family Part to $69,236.10. Plaintiff deposited that amount into a joint account with defendant. Defendant later withdrew $68,010 from the joint account. Plaintiff used funds from two Bank of America (BOA) accounts totaling $85,000—created for the benefit of the children's college educations—to pay defendant the $76,386.88 settlement. Plaintiff was "urged" by the court to redeposit those funds into the BOA accounts, however she has never done so.

Defendant later requested the court order plaintiff to turn over the account information for the BOA accounts. Plaintiff disputed the request on the basis that the funds from those accounts came from her post-separation income. However, this conflicted with the JOD finding that she had deposited that money into the BOA accounts in order to "artificially show [] her financial condition to be deteriorating." Because her claim was characterized by the court as "disingenuous," she was ordered to turn over the relevant information, subject to a $500-per-day sanction for each day that she did not.

A-5832-17T2

Thereafter, on August 21, 2017, defendant requested that plaintiff reimburse the BOA accounts, and was denied. At that time, defendant claimed the accounts were reduced to $19,000 each.[2] Defendant persisted in his demand that plaintiff reimburse the accounts and add the interest that would have been earned on the $85,000 had the money never been withdrawn, and requested monetary sanctions. Plaintiff argued the issue had been resolved in the August 2017 order.

On July 6, 2018, when the judge revisited the issue, defendant's request that the $85,000 be returned to the children was denied. Defendant seeks relief from that denial, in addition to appealing the Family Part's failure to compel plaintiff to deposit the $38,000 into the children's Vanguard college fund, which she was ordered to pay years prior.

Originally, defendant had visitation with the children every other weekend, in addition to summers and holiday time. Plaintiff's request for permission to relocate to Massachusetts was granted, in part because by that juncture defendant's relationship with his oldest child had deteriorated

---

[2] Defendant provided in this record two screenshots of BOA accounts that at one point had $19,000 in them but had been reduced to zero. It is impossible to tell if these are the actual BOA accounts subject to this litigation. It is unclear if they were ever presented to the Family Part.

completely. To balance the major reduction in defendant's access, plaintiff was ordered on April 6, 2018, to pay defendant for all reasonable visitation expenses.

Defendant could not, because of his employment, arrive in Massachusetts earlier than mid-Saturday, and had to leave for New Jersey by mid-Sunday. He therefore filed a motion seeking to reduce his weekend time with the children and instead expand his summer and holiday visitation. Inexplicably, defendant appeared to have filed a second entirely separate application seeking this relief.

Defendant's motion for three extra weeks of vacation time and three long weekends was denied July 6, 2018. On August 17, 2018, defendant's request reducing his weekend visitation time was granted, and no mention made in the order of defendant's request that the holiday time be increased. The court then also partially granted defendant's request for travel expense reimbursement. Defendant was granted four weeks of vacation time with the children, leaving plaintiff six weeks over the summer. Defendant was denied reconsideration. He appeals that order as well.

In No. A-5832-17, defendant raises the following issues:

> POINT 1: PARAGRAPH 28 OF THE ORDER OF 7/[6]/2018 MUST BE REVERSED AND REMANDED, PARTICULARLY IN REGARD TO MY REQUESTS RELATED TO THE VANGUARD 529 ACCOUNTS ISSUE, BECAUSE 1) THE FAMILY COURT'S FAILURE TO ADDRESS DIRECTLY MY

6

REQUESTS IN THE MOTIONS OF 3/13/2018 AND 5/7/2018 WAS A VIOLATION OF MY RIGHT TO HAVE LITIGATIONS ADJUDICATED AS WELL AS VIOLATION OF THE COURT'S RESPONSIBILITY TO ADJUDICATE; 2) THE FAMILY COURT DID NOT CONDUCT FINDING OF FACTS AND CONCLUSION OF LAW TO SUPPORT THE DECISION, WHICH IS A VIOLATION OF COURT RULES; AND 3) THE FAMILY COURT DID HAVE JURISDICTION OVER MY REQUESTS. I ALSO ASK THE COURT TO GRANT MY REQUESTS RELATED TO THE VANGUARD 529 ACCOUNTS ISSUE IMMEDIATELY GIVEN THE URGENCY OF THE OLDER CHILD'S PLAN TO ATTEND COLLEGE IN THE FALL OF 2019.

POINT 2: PARAGRAPH 28 OF THE ORDER OF 7/[6]/2018 MUST BE REVERSED AND REMANDED, PARTICULARLY IN REGARD TO MY REQUESTS RELATED TO THE BANK OF AMERICA $85,000 COLLEGE FUND ACCOUNTS ISSUE, BECAUSE 1) THE FAMILY COURT'S FAILURE TO ADDRESS DIRECTLY MY REQUESTS IN THE MOTIONS OF 3/13/2018 AND 5/7/2018 WAS A VIOLATION OF MY RIGHT TO HAVE LITIGATIONS ADJUDICATED AS WELL AS VIOLATION OF THE COURT'S RESPONSIBILITY TO ADJUDICATE; 2) THE FAMILY COURT DID NOT CONDUCT FINDING OF FACTS AND CONCLUSION OF LAW TO SUPPORT THE DECISION, WHICH IS A VIOLATION OF COURT RULES; AND 3) THE FAMILY COURT DID HAVE JURISDICTION OVER MY REQUESTS. I ALSO ASK THE COURT TO GRANT MY REQUESTS RELATED TO THE BANK OF AMERICA $85,000 COLLEGE FUND ACCOUNTS ISSUE IMMEDIATELY GIVEN THE URGENCY OF THE

OLDER CHILD'S PLAN TO ATTEND COLLEGE IN
THE FALL OF 2019.

Defendant's appeal No. A-1577-18 raises these issues:

POINT 1:   PARAGRAPH 1 OF THE ORDER OF
8/17/2018 AND PARAGRAPH 1 TO 4 OF THE
ORDER OF 10/22/2018 MUST BE REVERSED AND
REMANDED, BECAUSE THE FAMILY COURT
MADE    FACTUAL    ERROR    IN    ITS
UNDERSTANDING OF MY REQUEST.

POINT 2:   PARAGRAPH 1 OF THE ORDER OF
8/17/2018 AND PARAGRAPH 1 TO 4 OF THE
ORDER OF 10/22/2018 MUST BE REVERSED AND
REMANDED, BECAUSE THE FAMILY COURT
MADE A CHANGE OF PARENTING PLAN
WITHOUT EITHER PARTY ASKING FOR IT AND
WITHOUT    PROVING    A    CHANGE    OF
CIRCUMSTANCE.

POINT 3:   PARAGRAPH 1 OF THE ORDER OF
8/17/2018 AND PARAGRAPH 1 TO 4 OF THE
ORDER OF 10/22/2018 MUST BE REVERSED AND
REMANDED, BECAUSE THE FAMILY COURT DID
NOT CONSIDER THE BEST INTERESTS OF THE
CHILD INVOLVED IN ITS CHANGE OF
PARENTING PLAN.

We exercise limited review of factual findings made by a Family Part

judge.  N.J. Div. of Child Prot. and Permanency v. S.K., 456 N.J. Super. 245,

261 (App. Div. 2018).  We uphold Family Part findings if those findings are

supported by "adequate, substantial, credible evidence."  Ibid. (quoting Cesare

v. Cesare, 154 N.J. 394, 411-12 (1998)).  Deference to a Family Part judge's

decisions are appropriate because these judges have "specialized knowledge and experience in matters involving parental relationships and the best interests of children." N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 427 (2012).

Family Part judges have "opportunit[ies] to make first-hand credibility judgments about the witnesses who appear on the stand; [they] [have] a 'feel of the case' that can never be realized by a review of the cold record." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008). "Thus, any 'alleged error in the trial judge's evaluation of the underlying facts and the implications to be drawn therefrom,' must be reviewed to determine whether the errors were 'so wide of the mark that a mistake must have been made.'" S.K. 456 N.J. Super. at 262 (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

At this juncture, the record, litigated piecemeal over years by two self-represented litigants, is muddy. We cannot discern the reason plaintiff has not reimbursed the $38,000 to the children's account. We cannot discern the reason she has not reimbursed the $85,000 fund either. We cannot discern if the two issues are related. We sympathize fully with the judges who have attempted to resolve those issues, only to have the parties raise many collateral claims against each other, which makes definitive disposition nearly impossible.

The record in this case does not provide a clear picture of the balance of the BOA accounts. Defendant provided screenshots of two BOA accounts, but it is impossible to tell if these are the accounts subject to this litigation. Additionally, if over $69,000 was withdrawn from the BOA accounts, then that would leave only $16,000 total remaining—far less than the $19,000 in each account alleged by defendant. It is simply impossible to determine on this record how much money has been saved for the children. But speculation at this point would do them an injustice. Ultimately, the accounts are to be maintained for the children's benefit. It behooves everyone to insure there will be enough funds to pay for their education.

With regard to visitation, it is inexplicable to us and not supported by adequate, substantial, or credible evidence, why the Family Part judge granted plaintiff—who initially removed the children, utterly ignoring court orders—six weeks of vacation. At a hearing, the judge may want to consider why defendant cannot be granted the six weeks of vacation, if not most of the summer, and plaintiff the remaining time.

Defendant during oral argument expressed a fear if the children's passports were not held in court that plaintiff would simply take the children out

of the country to prevent him from exercising visitation. Given plaintiff's past history, that is a request which warrants serious consideration.

Remarkably, plaintiff also appeals, seeking relief for which there is neither a basis in law or fact. For example, she seeks relief from "sanctions" which she claimed were imposed upon her because she took the children to live in Massachusetts. We can discern no basis for this claim. The overwhelming majority of record references made by plaintiff in her brief are not supported by transcripts because she did not provide them on appeal. No relief can be afforded to a litigant if they fail to comply with this basic requirement. R. 2:5-4(a).

The following are plaintiff's points on appeal:

> ISSUE I: PARA 22 OF THE 7/6/18 ORDER ON DEFENDANT'S ABDUCTION MUST BE REVERSED BECAUSE THE FAMILY COURT FAILED TO CONSIDER THE FACTS AND APPLY RELEVANT RULES.
>
> ISSUE II: SANCTION OF PLAINTIFF FOR ALLEGED VIOLATION OF COURT ORDER MUST BE VACATED (PARA 75 OF 10/7/16; PARA 3 OF 4/6/18; PARA 20 OF 7/6/18) BECAUSE THE FAMILY COURT VIOLATED DUE PROCESS RULES AND LITIGANT'S RIGHTS, AND ERRED IN PIVOTAL FACTS.
>
> ISSUE III: PARA 23 OF THE 7/6/18 ORDER ON PLAINTIFF'S COMPENSATION MUST BE

REVERSED BECAUSE THE FAMILY COURT FAILED TO CONSIDER THE FACTS AND APPLY RELEVANT RULES.

ISSUE IV: PARA 17 OF THE 7/6/18 ORDER ON LIFE INSURANCE MUST BE REVERSED BECAUSE THE FAMILY COURT FAILED TO CONSIDER THE FACTS AND APPLY RELEVANT RULES.

ISSUE V: PARA 18 OF THE 7/6/18 ORDER ON ILLEGAL SUBPOENAS MUST BE REVERSED BECAUSE THE FAMILY COURT FAILED TO CONSIDER THE FACTS AND APPLY RELEVANT RULES.

We find, with one exception, all of plaintiff's alleged points of error to be so lacking in merit as to not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). They are either based on a misrepresentation of the limited record we have, are not supported by transcript references, or have no basis in the law. As a judge previously said of plaintiff, she "scoffs at those court orders which do not weigh in her favor, but often seeks enforcement of orders which support her positions."

The only exception is to require defendant to produce proof of life insurance coverage for the girls as required in the 2013 JOD. Defendant provided such proof in 2015. He can do so again now. In order to avoid future

disputes on the question, defendant can be ordered, on an annual basis, to provide plaintiff with proof of coverage on the premium payment date.

To summarize, we remand for the court to conduct a focused hearing on the issue of plaintiff reimbursing the BOA $85,000 college funds for the girls; plaintiff's payment into the Vanguard account of $38,000; allocating to defendant substantial, if not all, of the summer to adjust for the loss of time with his children as a result of plaintiff's relocation and the practical difficulties he faces with weekend visitation; and for defendant to prove that he has maintained life insurance coverage as mandated in the JOD. The judge shall allow ninety days for discovery from the date of this order, and schedule the hearing within 120 days of this order.

Reversed and remanded as to defendant's appeal; with the exception of life insurance coverage, plaintiff's appeal is dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5832-17T2